IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAYATA BOND, # 84857              )
                                            )
             **Plaintiff,**            )
                                            )
       vs.                           )         **Case No. 15-cv-579-SMY**
                                            )
**ROBERT HERTZ, JOHN LAKIN,**       )
**GARY BOST, LT. HALLENBOCK,**       )
**SGT. DOVER, DON McNAUGHTON,**    )
**DR. ROBERT BLANKENSHIP,**         )
**and NURSE MARTHA MAJOR,**        )
                                            )
           **Defendants.**         )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff is a pretrial detainee at the Madison County Jail ("the Jail").  He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that Defendants have housed him at the Jail under unconstitutional conditions of confinement.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

In the complaint, Plaintiff states that he has been detained at the Jail since about December 5, 2014, and has been celled in Unit B-North (Doc. 1, p. 7).  On or about December 27, 2014, his housing unit was flooded with raw sewage, which backed up from the drains and toilets (Doc. 1, p. 9).  The entire cell block including Plaintiff's cell was flooded with human waste, putting Plaintiff and other detainees in direct contact with it.  Deputy Tim Walker (who is not named as a Defendant) locked Plaintiff and the other prisoners down in the flooded cells, and did not give them any cleaning materials.  Defendant Dover (Walker's supervisor) shut off the fresh drinking water and refused to turn it back on, and also refused to provide cleaning materials

(Doc. 1, p. 9).  The cell block was filled with "toxic smells," which caused Plaintiff to have an upset stomach all night.  The lockdown under these conditions continued for about 24 hours.

On or about March 18, 2015, another sewage backup occurred, and Plaintiff was again put in direct contact with "mass amounts of raw sewage" (Doc. 1, p. 11).  He suffered from an upset stomach and loss of appetite during this episode.

On March 19, 2015, there was another sewage backup and flood, causing the same problems for Plaintiff (Doc. 1, p. 12).

On or about April 26, 2015, the sewer drain and toilets began to back up again in Unit B-North, putting Plaintiff in direct contact with raw sewage (Doc. 1, p. 13).

At 7:30am on April 27, 2015, Defendant Hallenbock swept the raw sewage waste back onto the detainees' walkway and cells.  Plaintiff told Defendant Hallenbock about the raw sewage flood the previous day.  Defendant Hallenbock told Plaintiff he would provide a broom, dustpan, and gloves so Plaintiff and other prisoners could put the raw sewage into their garbage bag in the dayroom (Doc. 1, p. 15).  He refused to get Plaintiff a mop to clean or sanitize the germs left from the flood until 3:00pm that day, leaving Plaintiff exposed to the raw sewage and toxic smells for another eight hours.

Defendant Sheriff Lakin and Defendant Captain Bost (superintendent of the Jail) were aware of the recurring sewage backup and flooding problems, and refused to do anything to fix the situation (Doc. 1, p. 10-13).  Further, Defendants Lakin and Bost refused to clean the officers' walkway, which is attached to the cell block, after the flooding incidents (Doc. 1, pp. 13-14).  As a result, there is a "black mold raw sewage [illegible] line 4-6 inches up the wall" surrounding Plaintiff's housing unit, which has never been cleaned since before the first sewage backup incident (Doc. 1, p. 14).

Defendants Blankenship and Major did not give Plaintiff proper medical attention for his various exposures to the raw sewage (Doc. 1, pp. 10-14).

Plaintiff seeks monetary damages against all Defendants.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations of the complaint, the Court finds it convenient to divide the pro

se action into the following counts.  The parties and the Court will use these designations in all

future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The

designation of these counts does not constitute an opinion as to their merit.

> **Count 1:**  On December 27, 2014, Defendant Dover allowed Plaintiff to be exposed to raw sewage, refused to provide cleaning materials, and denied him access to drinking water for approximately 24 hours, in violation of the Fourteenth Amendment;

> **Count 2:**  On April 17, 2015, Defendant Hallenbock allowed Plaintiff to be exposed to raw sewage, and refused to provide adequate cleaning materials for Plaintiff to clean up the waste and germs, in violation of the Fourteenth Amendment;

> **Count 3:**  Defendants Lakin and Bost allowed Plaintiff to be repeatedly exposed to raw sewage, by failing to remedy the sewage backup problems despite their knowledge of the recurring incidents in December 2014, March 2015, and April 2015, in violation of the Fourteenth Amendment;

> **Count 4:**  Defendants Blankenship and Major failed to provide Plaintiff with adequate medical treatment after his exposure to raw sewage, in violation of the Fourteenth Amendment.

Accepting Plaintiff's allegations as true, the Court finds that Counts 1, 2, and 3 survive

review under § 1915A and shall receive further consideration.  However, Count 4 fails to state a

claim upon which relief may be granted, and shall be dismissed without prejudice.

In outlining his claims for violations of his constitutional rights, Plaintiff invokes the

First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments, specifically his rights to due

process and equal protection, and to be free from cruel and unusual punishment (Doc. 1, pp. 7-8).

All of the claims are related to unconstitutional conditions of confinement.  In this case, because

Plaintiff is a pretrial detainee, each claim falls squarely within the Due Process clause of the

Fourteenth Amendment.  *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (§ 1983

claims brought by detainees arise under the Fourteenth Amendment and not the Eighth

Amendment). Even so, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

The Court cannot discern, and Plaintiff does not articulate, how the First, Fifth, Eighth, or Thirteenth Amendments apply to the events described in his complaint, nor has he pleaded an equal protection claim. Therefore, Plaintiff's claims shall be analyzed under the Fourteenth Amendment. Any other constitutional claims should be considered dismissed without prejudice.

**Counts 1 and 2 – Defendants Dover and Hallenbock**

In a case involving conditions of confinement for a prisoner, two elements are required to establish a constitutional violation. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. *See also Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008) (applying same criteria for Eighth Amendment 'cruel and unusual punishment' claims to those brought by a detainee under the Fourteenth Amendment).

The Seventh Circuit has specifically held that "unhygienic conditions, when combined with the jail's failure to provide detainees with a way to clean for themselves with running water or other supplies, state a claim for relief." *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013). *See also Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to

six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim). In light of these precedents, Plaintiff faced sufficiently serious conditions to meet the objective portion of a constitutional claim.

Turning to the subjective factor, Plaintiff states that Defendant Dover was aware of the unsanitary condition of Plaintiff's cell, and kept Plaintiff confined there.[1] He refused to provide cleaning supplies and turned off the supply of drinking water. These actions are sufficient for Plaintiff to proceed with his deliberate indifference claim in **Count 1**.

As for Count 2, Defendant Hallenbock was likewise aware of the sewage contamination, and even swept the waste into Plaintiff's cell area. It appears that he may have provided Plaintiff with some supplies to clean up the human waste, but at this stage of the case, the Court will accept Plaintiff's contention that Defendant Hallenbock's efforts fell short of mitigating the risk of harm to Plaintiff's health. Plaintiff may also proceed with the deliberate indifference claim in **Count 2**.

**Count 3 – Defendants Lakin and Bost**

---

[1] Plaintiff described similar actions on the part of Jail Deputy Tim Walker, however, the complaint does not include Walker in the list of Defendants, nor is he mentioned in the request for relief. Federal Rule of Civil Procedure 10(a) requires all parties to be listed in the case caption. The Court concludes that Plaintiff did not intend to sue Deputy Walker, and any claim against him should be considered dismissed without prejudice.

According to Plaintiff, Defendant Lakin, the county sheriff, and Defendant Bost, the Jail superintendent, were both aware of the recurring sewage backup problems in the Jail.  Despite this knowledge of the serious risks to detainees' health, they took no action to correct the problems or mitigate the risks.  As a result, Plaintiff continued to be exposed to raw sewage.  Taking Plaintiff's allegations as true, he has stated a deliberate indifference claim against Defendants Lakin and Bost that may proceed for further consideration.

**Dismissal of Count 4 – Medical Treatment – Defendants Blankenship and Major**

As with Counts 1-3 above, a pretrial detainee's claims for deliberate indifference to medical care are considered under the Due Process Clause of the Fourteenth Amendment.  Detainees are entitled to the same sort of protection against deliberate indifference as are convicted inmates.  *See Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Williams v. Romana*, 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011).  To state a claim for deliberate indifference to medical needs, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it.  *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).  However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference.  *Jackson*, 300 F.3d at 764-65.

While exposure to raw sewage may cause illness or other medical problems, the only effects Plaintiff describes in his complaint are that he suffered an upset stomach and loss of appetite.  He does not allege any objectively serious medical condition that would have required treatment, nor do the facts indicate that Defendant Dr. Blankenship and/or Defendant Nurse Major were aware of any medical need that he had, serious or otherwise.  The complaint thus

fails to suggest that these defendants were deliberately indifferent to Plaintiff's serious medical needs.   Accordingly, **Count 4** against Defendants Blankenship and Major shall be dismissed without prejudice.

## Dismissal of Defendants Hertz and McNaughton

Plaintiff lists Defendant Hertz (who is described as the Sheriff in 2014) and McNaughton (a Jail Deputy) among the Defendants, but makes no allegations against either of them in the body of the complaint.   Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).   Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.   Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).   Accordingly, Defendants Hertz and McNaughton will be dismissed from this action without prejudice.

## Pending Motion

The motion for service of process at government expense (Doc. 3) is **GRANTED IN PART AND DENIED IN PART.**   Service shall be ordered below on those Defendants who remain in the action.  No service shall be made on the dismissed Defendants.

## Disposition

**COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendants **HERTZ, McNAUGHTON, BLANKENSHIP,** and **MAJOR** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **LAKIN, BOST, HALLENBOCK,** and **DOVER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED: July 27, 2015**

**s/ STACI M. YANDLE**
**United States District Judge**
